UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON PEREZ, | No. 2: 12-cv-2654 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has consented to the jurisdiction of the undersigned.  (ECF No. 5.)  For the following reasons, this action is dismissed.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

1  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
2  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
3  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
4  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
5  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
6  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
7  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8       This action is proceeding on the amended complaint filed March 5, 2013.  (ECF No. 9.)
9  Named as defendants are Scott Perkins, Eric Reslock and Tim Hart.  All three defendants work
10 for the California Department of Corrections and Rehabilitation's Prison Industry Authority
11 ("CAL PIA").  Plaintiff alleges that defendants acted negligently as well as in violation of the
12 Eighth Amendment in issuing prison soap that contained a toxic substance.  (Id. at 2.)  Plaintiff
13 alleges that he has used this soap for the past three years on a daily basis.  (Id. at 2.)

14      Attached to plaintiff's complaint as an exhibit is a memorandum from the Warden dated
15 July 29, 2012 recalling the soap.  (Id.)  This memorandum states that the CALPIA annual review
16 of product Material Safety Data Sheets found a trace amount of a chemical in the soap that is
17 listed for review under the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition
18 65) as a carcinogen.  (Id. at 8.)  The memorandum states that CALPIA has stopped producing the
19 soap using this ingredient.  (Id.)

20      Attached to plaintiff's amended complaint is a declaration by inmate Mario Williams.  (Id.
21 at 19.)  In this declaration, inmate Williams states that on October 5, 2012, defendant Hart told
22 him that CALPIA was aware in 2007 that the soap was tested for a chemical that was toxic.  (Id.)
23 Inmate Williams declares that he asked defendant Hart why he was not notified of the harmful
24 chemical in 2007.  (Id.)  Defendant Hart allegedly responded that "they did not care about me and
25 was trying to kill me," then started laughing.  (Id.)  Defendant Hart allegedly went on to state that
26 "they now care" and decided to pull the soap in July 2012.  (Id.)

27      The Eighth Amendment prohibits cruel and unusual punishment, but "only the
28 unnecessary and wanton infliction of pain constitutes cruel and unusual punishment.  Whitley v.

1    Albers, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment condition of confinement

2    claim, the plaintiff must satisfy the following two components: (1) the objective component,

3    meaning that the prison official's act or omission was "sufficiently serious" to pose a substantial

4    risk of serious harm; and (2) the subjective component, meaning that the prison official acted with

5    a "sufficiently culpable state of mind" or "deliberate indifference" regarding the condition of

6    confinement at issue.  Farmer v. Brennan, 511 U.S. 824, 834 (1994); Hudson v. McMillan, 503

7    U.S. 1, 8, (1992).

8         A prisoner may state a cause of action under the Eight Amendment by alleging that prison

9    officials have, with deliberate indifference, exposed him to environmental conditions that pose an

10   unreasonable risk of serious harm to the plaintiff.  Farmer, 511 U.S. at 847.  Here, however, the

11   allegations in plaintiff's complaint do not support a claim for a violation of plaintiff's

12   constitutional rights.  Even if the soap plaintiff used posed an excessive risk of harm to plaintiff's

13   health, plaintiff does not allege that any defendant did anything which could be considered

14   "deliberately indifferent."  Rather, plaintiff alleges that the soap was recalled by PIA at or around

15   the time the toxic chemical was discovered in the soap.  In other words, plaintiff's complaint

16   shows that defendants did not ignore a possible threat to safety, but rather, acted to remove the

17   soap from use.

18        The declaration by inmate Williams is not persuasive evidence of deliberate indifference.

19   The declaration provides no information about what chemical the soap was tested for in 2007 and

20   no admissible evidence of whether any toxic chemical was found as part of that testing.  Bolden

21   v. California Department of Corrections and Rehabilitation, 2013 WL 3242295 at *1-2 (E.D. Cal.

22   June 20, 2013) (rejecting Williams declaration); Brooks v. Perkins, 2013 WL 1705005 at * 4 n. 3.

23   (E.D. Cal. April 19, 2013) (same).

24        Several civil rights actions have been filed in this court by inmates alleging that they were

25   forced to use PIA soap containing a toxic chemical in violation of their Eighth Amendment rights.

26   Those actions have been dismissed for failure to state a cognizable claim.  See Joseph v.

27   California Prison Industry Authority, 2013 WL 3242233 (E.D.Cal. June 20, 2013) (concluding

28   that even if the PIA soap posed an excessive risk of harm, there is no allegation that defendant did

4

anything which could be considered as deliberate indifference since the plaintiff in that case alleged that the soap was recalled by PIA which shows that defendants did not ignore a possible threat to safety); Bolden v. California Department of Corrections and Rehabilitation, 2013 WL 3242295 (E.D.Cal. June 20, 2013) (denying plaintiff's motion for reconsideration of the order dismissing the action for failure to state a claim, and concluding that plaintiff's declaration from inmate Mario Williams alleging that the PIA was aware in 2007 that the soap had a harmful chemical was not persuasive since the declaration provided no information about what chemical the soap was tested for and no admissible evidence as to whether any toxic chemical was found as part of that testing); Towler v. California Department of Corrections and Rehabilitation, 2013 WL 2991135 (E.D.Cal. June 14, 2013) (same); Brooks v. Perkins, 2013 WL 1705005 (E.D.Cal. April 19, 2013) (dismissing a similar action for failure to state a cognizable claim and finding that plaintiff has not shown that he suffers any injury as a result of using the PIA soap and there was no showing that defendants were deliberately indifferent to plaintiff's health); Chestang v. California Department of Corrections and Rehabilitation, 2013 WL 1702070 (E.D.Cal. April 18, 2013) (dismissing a similar action for failure to state a claim because plaintiff's claimed exposure to a cancer risk was speculative and because the defendants allegedly did nothing that could be considered deliberately indifference).

    For the reasons discussed above, the undersigned finds that plaintiff has not stated a potentially cognizable Eighth Amendment claim for relief.  Because plaintiff cannot cure these pleading defects, plaintiff's Eighth Amendment claim is dismissed without leave to amend. Because the federal claim is dismissed, the undersigned declines to exercise supplemental jurisdiction over plaintiff's state law negligence claim.  28 U.S.C. § 1367(c)(3).

    In accordance with the above, IT IS HEREBY ORDERED that:

    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

////

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed.

Dated: January 9, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

per2654.dis

6